JAMES P. C. SILVESTRI, ESQ.
Nevada Bar No. 3603
BRIAN W. GOLDMAN, ESQ.
Nevada Bar No. 6317
PYATT SILVESTRI
701 Bridger Ave., Suite 600
Las Vegas, NV 89101
Tel: (702) 383-6000
Fax: (702) 477-0088
jsilvestri@pyattsilvestri.com
bgoldman@pyattsilvestr.com

Attorney for Defendant,
*WILLIAM HEIDER*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EDWARD SAMADANI, formerly known as VARGHA SAMADANI,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM HEIDER, an individual; ENTERPRISE LEASING COMPANY-WEST, LLC d/b/a ALAMO; DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO.:   2:19:cv- |

## NOTICE OF REMOVAL

COMES NOW, Defendant, William Heider, and hereby files this Notice of Removal of the above-described action to the United States District Court for the District of Nevada, from the District Court of Clark County, where the action is now pending as provided by Title 28, U.S. Code, Chapter 1441 and states:

1.      The above-entitled action was commenced in the District Court of Clark County, State of Nevada and is now pending in that court.  Process was served on Defendant, William Heider, on May 4, 2019.

. . .

2. The action is a civil action for claims for damages resulting from a motor vehicle accident, which occurred on or about January 18, 2017.

3. Plaintiff's Complaint alleges Causes of Action for Negligence, Negligence Per Se and Negligent Entrustment. Plaintiff is seeking general, special and punitive damages in an amount in excess of $15,000.00. Removal was sought because of the diversity of the parties and the amount being demanded is over $75,000.

4. The United States District Court for the District of Nevada has jurisdiction by reason of diversity of citizenship of the parties. Plaintiff, Edward Samadani, has represented he is a resident of Nevada. Defendant William Heider is a resident of Illinois. Defendant Enterprise Leasing Company-West, LLC dba Alamo, is now and at the time the state action was commenced incorporated in the State of Delaware. No change of citizenship of parties has occurred since the commencement of the action.

5. A copy of all process, pleadings, and orders served upon Defendant is filed with this notice as Exhibit "A" pursuant to 28 U.S.C. § 1446(a).

6. Defendant will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

7. A copy of this notice will be filed with the Clerk of the District Court for Clark County as required by 28 U.S.C. § 1446(d).

. . .

WHEREFORE, Defendant William Heider hereby requests that this action proceed in this Court as an action properly removed to it.

DATED this 28th day of May, 2019.

                                          PYATT SILVESTRI

                                        */s/Brian W. Goldman, Esq.*
                                        JAMES P. C. SILVESTRI, ESQ.
                                        Nevada Bar No. 3603
                                        Brian W. Goldman, Esq.
                                        Nevada Bar No. 6317
                                        701 Bridger Ave., Suite 600
                                        Las Vegas, NV 89101
                                        Attorney for Defendant,
                                        *WILLIAM HEIDER*

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing **NOTICE OF REMOVAL** was deposited in the United States Mail at Las Vegas, Nevada, postage fully prepaid, this 28th day of May, 2019.

Dan J. Lovell, Esq.
EMPIRE LAW GROUP
1212 South Casino Center Blvd.
Las Vegas, NV 89104
dan@empirelawgroup.com
Attorneys for Plaintiff,
*EDWARD SAMADANI*
*fka VARGHA SAMADANI*

/s/ *Susan Clokey*
An Employee of PYATT SILVESTRI

EXHIBIT "A"

Electronically Filed
5/13/2019 1:51 PM
Steven D. Grierson
CLERK OF THE COURT

AOS
DAN J. LOVELL, ESQ.
Nevada Bar No. 9618
Empire Law Group
1212 S. Casino Center Blvd.
Las Vegas, Nevada 89104
T: 702-512-7777 / F: 702-512-8888
E: dan@lvlitigation.com
*Attorneys for Plaintiff*

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| EDWARD SAMADANI, formerly known as VARGHA SAMADANI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM HEIDER, an individual; ENTERPRISE LEASING COMPANY-WEST, LLC d/b/a ALAMO; DOES I through X; and ROE CORPORATIONS, I through X, inclusive,<br><br>Defendant(s). | CASE NO.: A-19-787730-C<br>DEPT.NO.: IV<br><br><br><br>**AFFIDAVIT OF SERVICE**<br>**OF WILLIAM HEIDER** |

Service of Defendant, WILLIAM HEIDER was perfected on May 4, 2019, by Process Server, Jerome Paul, Illinois license number 129-374621, by personally placing a copy of the Summons and Complaint, in the instant matter, directly into Defendant, William Heider's hands, at defendant's dwelling house or usual place of abode, 3729 Arthur Avenue, Brookfield, Illinois. N.R.C.P. 4(c).

                                      EMPIRE LAW GROUP
                                      */s/ Dan J. Lovell*
                                      Dan J. Lovell, Esq.
                                      1212 S. Casino Center Blvd.
                                      Las Vegas, Nevada 89104
                                      T: 702-512-7777
                                      *Attorney for Plaintiff*

CC                AFFIDAVIT OF SPECIAL PROCESS SERVER       19-050514

COUNTY OF CLARK
STATE OF NEVADA

EDWARD SAMADANI ET AL

VS                                                  CASE NO. A-19-787730-C

WILLIAM HEIDER ET AL

JEROME PAUL           Being first duly sworn on oath deposes and says that he is not a party to this action and is authorized to serve Process in the State of ILLINOIS.

That he served the within     SUMMONS-CIVIL
                                COMPLAINT

By leaving a copy with the within named Defendant
WILLIAM HEIDER
personally on 05/04/2019.

****************************************************************************
The Sex, Race and Approximate Age of the person with whom he left the documents were as follows:

Sex:         MALE                          5'08"

Race:        WHITE                       200

Age:         45

The place and time of day where the documents were served was as follows:

Place:       3729 ARTHUR AVENUE
              BROOKFIELD, IL

Time:        9:20AM

****************************************************************************
Signed and Sworn To Before me
this ____ day of ____, 2019.

OFFICIAL SEAL
ANA A ZIEMANN
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Feb 3, 2020

Notary Public                                         Process Server 129-374621

Electronically Filed
1/16/2019 3:33 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Dan J. Lovell, Esq.
Nevada Bar No. 9618
EMPIRE LAW GROUP
1212 S. Casino Center Blvd.
Las Vegas, Nevada 89104
T: 702-512-7777 / F: 702-512-8888
E: dan@empirelawgroup.com
Attorney for Plaintiff *Edward Samadani*

### DISTRICT COURT
### CLARK COUNTY, NEVADA

| | |
|---|---|
| EDWARD SAMADANI, formerly known as VARGHA SAMADANI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM HEIDER, an individual; ENTERPRISE LEASING COMPANY-WEST, LLC d/b/a ALAMO; DOES I through X; and ROE CORPORATIONS, I through X, inclusive,<br><br>Defendants. | CASE NO.: A-19-787730-C<br>DEPT.NO.:<br>Department 4<br><br>**ARBITRATION EXEMPT**<br><br>**PURSUANT TO NAR 3(A)**<br>**(AMOUNT IN CONTROVERSY EXCEEDS $50,000)** |

### COMPLAINT

COMES NOW Plaintiff, EDWARD SAMADANI, f/n/a VARGHA SAMADANI, by and through his attorney, Dan J. Lovell, Esq., of the law firm Empire Law Group, and for his causes of action alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. That all times mentioned herein, Plaintiff EDWARD SAMADANI, formerly known as VARGHA SAMADANI, ("Plaintiff") was a resident of Clark County, Nevada.

2. That at all times mentioned herein, upon information and belief, Defendant WILLIAM HEIDER ("Heider") was a resident of the State of Illinois.

1

3. That at all times mentioned herein, upon information and belief, Defendant ENTERPRISE LEASING COMPANY-WEST, LLC d/b/a ALAMO ("Enterprise") is and was a Delaware corporation duly licensed to do business under the laws of the State of Nevada, and in fact doing business in Clark County, Nevada, and the owner of the vehicle driven by Defendant Heider involved in the subject accident described herein.

4. That the true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants, DOES I through X, inclusive, are presently unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names; Plaintiff is informed and believes and thereon alleges that each Defendant designated herein as DOE is responsible in some manner for the events and happenings which proximately caused damages to Plaintiff as herein alleged. Plaintiff will ask leave of this Court to amend the instant complaint to insert the true names and capacities of DOES I through X, inclusive, when the same has been ascertained and to join such Defendants in this action.

5. The true names or capacities, whether individual, corporate, associate or otherwise, of Defendants, ROE CORPORATIONS I through X, inclusive, are presently unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names; Plaintiff is informed and believes and thereon alleges that each Defendant designated herein as ROE Corporations is responsible in some manner for the events and happenings which proximately caused damages to Plaintiff as herein alleged. Plaintiff will ask leave of this Court to amend the instant complaint to insert the true names and capacities of ROE CORPORATIONS I through X, inclusive, when the same has been ascertained and to join such Defendants in this action.

6. That all the facts and circumstances that give rise to the subject lawsuit occurred on Cameron Street near the Orleans Casino in Clark County, Nevada.

7. This court has jurisdiction in this action and the venue is properly set in the Eighth Judicial District Court for the State of Nevada.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8. At all times relevant herein, Plaintiff was the owner and operator of a 2010 Porsche Panamera, which was involved in the accident described herein.

9. At all times relevant herein, Defendant Heider was the operator of a 2015 Ford Focus, which was involved in the accident described herein.

10. Upon information and belief, on January 18, 2017, Defendant Heider was under the influence of alcohol and/or other substances that negatively impaired his ability to drive in a safe, responsible, and lawful manner, thereby contributing and/or causing the accident with Plaintiff.

11. At all times relevant herein, Defendant Enterprise was the lawful owner of the 2015 Ford Focus operated by Defendant Heider and involved in the accident described herein.

12. On January 18, 2017, Plaintiff was a properly restrained driver traveling northbound on Cameron Street in Las Vegas, Nevada. Defendant Heider drove his vehicle from a private drive (the Orleans Casino) onto Cameron Street. Defendant Heider, while impaired, negligently failed to yield the right of way and failed to use due care, thereby causing the left front of Defendants' vehicle to collide with the right front of Plaintiff's vehicle.

13. Defendant Enterprise negligently entrusted the subject vehicle to Defendant Heider without properly investigating as to whether he was a safe, responsible, and/or lawful driver.

14. Defendant Enterprise knew and/or should have known that Defendant Heider was an unsafe driver.

3

15. Plaintiff was seriously injured, caused to suffer great pain of body and mind, and suffered damages in excess of $15,000.00 as a direct and proximate result of Defendants' negligence.

16. As a direct and proximate result of Defendants' negligence, Plaintiff has been required to and has limited his occupational and recreational activities, which caused a loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life in a presently unascertainable amount.

17. Defendant Heider had knowledge of the probable harmful consequences of driving a motor vehicle while impaired, yet willfully and deliberately failed to act to avoid those consequences. As such, Defendant Heider is guilty of implied malice and oppression for his conduct which he engaged in with a conscious disregard for the rights or safety of others, including Plaintiff. Plaintiff is therefore entitled to an award of exemplary and punitive damages against Defendants in an amount in excess of $15,000.00.

18. As a direct and proximate result of Defendants' negligence, Plaintiff's property was damaged in an amount in excess of $15,000.00.

19. Plaintiff has been forced to retain an attorney to prosecute this matter and is entitled to reasonable costs and attorney's fees as provided by Nevada law.

## FIRST CAUSE OF ACTION

**(Negligence)**
**(Defendant Heider)**

20. Plaintiff repeats, realleges, and incorporates herein the allegations in the preceding Paragraphs of this Complaint as though fully set forth herein.

21. Defendant Heider owed a duty of care to Plaintiff to drive in a safe, responsible, and lawful manner.

4

22. On January 18, 2017, Heider breached that duty when he failed to yield the right of way, thereby causing the left front of Defendants' vehicle to collide with the right front of Plaintiff's vehicle in an unsafe, irresponsible, and unlawful manner.

23. On January 18, 2017, upon information and belief, Heider also breached his duty of care to Plaintiff when he operated his motor vehicle while under the influence of alcohol and/or another substance, thereby negatively impairing his ability to drive in a safe, responsible, and lawful manner.

24. Defendant Heider's breach of duty of care was the legal and proximate cause of the Plaintiff's injuries and losses.

25. Plaintiff has suffered damages in excess of $15,000.00 as a direct and proximate result of Defendants' negligent actions and behavior.

26. Plaintiff is entitled to an award of exemplary and punitive damages against Defendants in an amount in excess of $15,000.00.

27. Plaintiff has been forced to retain an attorney to prosecute this matter and is entitled to reasonable costs and attorney's fees as provided by Nevada law.

## SECOND CAUSE OF ACTION

**(Negligence Per Se)**
**(Defendant Heider)**

28. Plaintiff repeats, realleges, and incorporates herein the allegations in the preceding Paragraphs of this Complaint as though fully set forth herein.

29. Pursuant to NRS 484B.260 and 484B.263, the driver of a vehicle about to enter, exit, or cross a highway from a private way shall yield the right of way to all vehicles approaching on such highway whose proximity constitutes an immediate hazard and shall continue to yield the right of way to that traffic until the driver may proceed with reasonable safety.

30. Pursuant to NRS 484B.603, Defendant owed a duty to Plaintiff to decrease speed to avoid colliding with any person, vehicle, or other conveyance.

31. Pursuant to multiple statutes contained in Chapter 484C, including NRS 484C.110, Defendant owed a duty to Plaintiff to avoid driving or being in actual physical control of a motor vehicle while under the influence of alcohol and/or drugs.

32. Plaintiff is within the class of persons intended to be protected by the statutes, laws, and/or ordinances violated by Defendant and the injuries suffered by Plaintiff were the type against which such statutes, laws, and/or ordinances of the State of Nevada, County of Clark, and/or City of Las Vegas were intended to protect, thereby rendering Defendant liable for the subject collision and Plaintiff's resulting damages based on negligence per se.

33. On January 18, 2017, Defendant breached the duties under the above-mentioned statutes when he failed to yield to Plaintiff's vehicle and failed to avoid the collision with Plaintiff's vehicle.

34. Defendant's breach of Nevada statutes was the legal and proximate cause of Plaintiff's injuries and losses.

35. Plaintiff has suffered damages in excess of $15,000.00 as a direct and proximate result of Defendant's negligent actions and behavior.

36. Plaintiff has been forced to retain an attorney to prosecute this matter and is entitled to reasonable costs and attorney's fees as provided by Nevada law.

///

///

///

///

## THIRD CAUSE OF ACTION

### (Negligence Entrustment)
### (Defendant Enterprise)

37. Plaintiff repeats, realleges, and incorporates herein the allegations in the preceding Paragraphs of this Complaint as though fully set forth herein.

38. Defendant Enterprise willingly entrusted its vehicle to Defendant Heider.

39. Defendant Enterprise knew or should have known that such entrustment to Defendant Heider was negligent.

40. Defendant Heider subsequently failed to drive safely and/or failed to comply with Nevada traffic laws.

41. Defendant Enterprise owed Plaintiff a duty of ordinary care to entrust the use and possession of its motor vehicle to a careful and responsible driver.

42. Defendant Enterprise subsequently breached its duty of ordinary care by negligently entrusting the use and possession of its automobile to Defendant Heider.

43. Plaintiff has suffered damages in excess of $15,000.00 as a direct and proximate result of Defendant's negligent actions and behavior.

44. Plaintiff has been forced to retain an attorney to prosecute this matter and is entitled to reasonable costs and attorney's fees as provided by Nevada law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff VARGHA SAMADANI prays for relief and judgment against all Defendants as follows:

1. For general damages in an amount in excess of $15,000.00;

2. For special damages for medical and incidental expenses incurred and to be incurred in excess of $15,0000.00;

7

3. For special damages for lost earnings and earning capacity;

4. For punitive damages in an amount in excess of $15,000.00;

5. For reasonable attorney's fees as provided by Nevada law;

6. For costs of suit herein;

7. For interest at the statutory rate; and,

8. For any such other relief this court deems appropriate.

Dated this _16_ day of January, 2019.

                            EMPIRE LAW GROUP

                            */s/ Dan J. Lovell*

                            Dan J. Lovell, Esq.
                            Nevada Bar No. 9618
                            1212 S. Casino Center Blvd.
                            Las Vegas, Nevada 89104
                            T: 702-512-7777
                            Attorney for Plaintiff *Edward Samadani*